STATE, Respondent, v. MELVIN, Appellant.

*No. State 13. Argued November 5, 1970.—Decided December 4, 1970.*
(Also reported in 181 N. W. 2d 490.)

For the appellant there was a brief by *McManus & Haukom* and *Jack McManus,* all of Madison, and oral argument by *Jack McManus.*

For the respondent there was a brief by *Robert W. Warren,* attorney general, and *Jeffrey B. Bartell,* assistant attorney general; the cause was argued by *Mary V. Bowman,* assistant attorney general.

HALLOWS, C. J. On this appeal Melvin raises two questions: Did the trial court err: (1) In refusing to instruct the jury on other charges requested by him; and (2) in denying a new trial in the interest of justice.

Melvin argues that instruction on reckless conduct in the handling of a firearm which endangers safety of another (sec. 941.20 (1) (a), Stats.) and reckless use of a firearm by intentionally pointing it at another (sec. 941.20 (1) (c)), together with a definition of "reckless conduct" in sec. 941.20 (3) should have been submitted. He further argues instructions on attempted homicide by reckless conduct (secs. 940.06 (1) and 939.32) and possession of a pistol by a minor (sec. 941.22 (1) (4)) and

attempted battery (secs. 940.20 and 939.32) should have been given.

The trial court, by virtue of sec. 939.66, Stats.,[1] may instruct a jury in respect to an included crime as well as the crime charged, and the accused may be convicted of either but not both. The requested charge of possession of a pistol by a minor (sec. 941.22 (1) (4)[2] was properly refused because it is not an included crime of attempted first-degree murder. It contains the element of minority which the greater crime does not. Melvin was a minor but that fact is immaterial to this appeal.

The trial court did not err in refusing to give the requested instruction on attempted homicide by reckless conduct (secs. 940.06 and 939.32, Stats.) because there is no such crime. An "attempt" by sec. 939.32 (2) requires that the actor have an intent to perform acts and attain

---

[1] "939.66 **Conviction of included crime permitted.** Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged; or

"(2) A crime which is a less serious type of criminal homicide than the one charged; or

"(3) A crime which is the same as the crime charged except that it requires recklessness or negligence while the crime charged requires a criminal intent; or

"(4) An attempt in violation of s. 939.32 to commit the crime charged; or

"(5) The crime of attempted battery when the crime charged is rape, robbery, mayhem or aggravated battery or an attempt to commit any of them."

[2] "941.22 **Possession of pistol by minor.** (1) Any minor who goes armed with a pistol or any person who intentionally sells, loans or gives a pistol to a minor may be fined not more than $500 or imprisoned not more than one year in county jail or both.

". . .

"(4) In this section 'pistol' means any firearm having a barrel less than 12 inches long."

a result which if accomplished would constitute the crime. Acts to constitute an attempt must unequivocally demonstrate that the actor had such intent and would have committed the crime excepting for the intervention of another person or some other extraneous factor. Homicide by reckless conduct does not require any intent to attain a result which if accomplished would constitute a crime; and consequently, one cannot attempt to commit a crime which only requires reckless conduct and not a specific intent. *State v. Carter* (1969), 44 Wis. 2d 151, 170 N. W. 2d 681.

The instruction on attempted battery could not be properly given because that is an included crime only of rape, robbery, mayhem, or aggravated battery or an attempt to commit any of them (sec. 939.66 (5), Stats.).

In respect to the request for instructions on reckless conduct (sec. 941.20 (1) (a), Stats.), and reckless use of a firearm (sec. 941.20 (1) (c)),[3] it is necessary to review some of the facts. At approximately 9 p. m., on December 16, 1968, city of Madison Police Officer Keith Hackett was patrolling alone in a squad car, looking for a suspect who had twice within the past hour been involved in shooting incidents with Madison police officers. He saw a person walking on East Johnson Street who fit the description of the suspect and stopped his vehicle about 20 feet behind him. This person was identified at the trial as Melvin.

Having stopped his squad car, Officer Hackett got out and called Melvin to come to him. Melvin turned and started walking toward Hackett with his hands in his

---

[3] "941.20 **Reckless use of weapons.** (1) Whoever does any of the following may be fined not more than $200 or imprisoned not more than 6 months or both:

"(a) Endangers another's safety by reckless conduct in the operation or handling of a firearm, airgun, knife or bow and arrow; or

". . .

"(c) Intentionally points a firearm at or toward another."

pockets. Hackett requested him to remove his hands from his pockets. Melvin refused, saying, "No, you put your hands up or I will kill you."

At this point, Hackett ran for cover behind his squad car. He heard two shots as he ran to the rear of the car. When he reached the rear of the car, he looked through the back windshield and saw Melvin in front of the car pointing a gun at him. Officer Hackett testified he then saw Melvin fire at him and he saw the windshield glass shatter directly in front of his face. Hackett then returned the fire, but Melvin escaped his pursuit. A police officer and two civilian witnesses Mary Ann and Donald E. Kehoe also testified to these events, although the latter two could not see where Melvin was aiming because they were some 75 feet behind him.

When Melvin was arrested the following day, he was asked, "Isn't it a fact that as Hackett moved around the squad car to take cover at the rear, isn't it a fact that you intended to hit him?" Melvin answered, "Well, yes, at that time." Subsequently, when interviewed at the police station, Melvin denied any intention of aiming at Hackett, but he did not deny firing the three shots.

Melvin argues that from the testimony of Mary Ann and Donald E. Kehoe, it is reasonable to infer he was motivated by panic and emotion and was not guilty of conduct which evinced either an intent to injure anyone or a depraved mind, and therefore lesser charges should have been submitted. He construes Kehoe's testimony to be that Hackett was under cover and could not be hit by him; that the gun went pop-pop-pop and Hackett's safety was never in danger.

There is no question that endangering the safety of another under sec. 941.30, Stats., is an included crime of attempted first-degree murder. *See Holesome v. State* (1968), 40 Wis. 2d 95, 161 N. W. 2d 283. Likewise, the reckless use of a weapon under sec. 941.20 (1) (a) and

(c) are included crimes of attempted first-degree murder. In sec. 939.66 (1), an included crime is "a crime which does not require proof of any fact in addition to those which must be proved for the crime charged." By sub. (3), an included crime is one "which is the same as the crime charged except that it requires recklessness or negligence while the crime charged requires a criminal intent."

The governing rules or principles which control when a lesser included-offense charge should be given in a particular case because of the state of the evidence has long been settled by this court. It has been said frequently that to justify the submission for conviction of a lesser offense included in a greater crime there must be some reasonable ground in the evidence for a conviction of the lesser offense and an acquittal of the greater offense. *Commodore v. State* (1967), 33 Wis. 2d 373, 147 N. W. 2d 283; *Devroy v. State* (1942), 239 Wis. 466, 1 N. W. 2d 875; *State v. Stortecky* (1956), 273 Wis. 362, 369, 77 N. W. 2d 721, and cases therein cited.

A lesser offense charge is not proper when the evidence presents factual issues for the jury which are the same in both the lesser or the greater offense. An included offense charge is permissible when the evidence requires the jury to find a disputed factual element in the charged offense which is not required for a conviction of the included offense and the jury on the evidence might find the disputed fact either way. *See Berra v. United States* (1956), 351 U. S. 131, 76 Sup. Ct. 685, 100 L. Ed. 1013; *Sansone v. United States* (1965), 380 U. S. 343, 85 Sup. Ct. 1004, 13 L. Ed. 2d 882. In *Zenou v. State* (1958), 4 Wis. 2d 655, 668, 91 N. W. 2d 208, this court stated that if the evidence in one reasonable view would suffice to prove the guilt of the higher degree of crime beyond a reasonable doubt and if under a different but reasonable view the evidence would be sufficient to prove the guilt of the lower degree of crime

beyond a reasonable doubt and also leave a reasonable doubt as to some element included in the higher degree but not in the lesser, the court could submit both degrees. We pointed out therein that both the state and the defendant have a right to have the lower degree submitted in a proper case and it is error not to do so upon request. *See Neuenfeldt v. State* (1965), 29 Wis. 2d 20, 138 N. W. 2d 252; and *Weston v. State* (1965), 28 Wis. 2d 136, 135 N. W. 2d 820.

The early cases point out and emphasize and we must stress again, because the question keeps recurring, that a determination of whether an instruction on a lesser included crime should be given to a jury is not solved by merely determining the crime charged includes the lesser offense because juries are not to be given the discretion or freedom to pick and choose what offense the accused should be found guilty of. *Weisenbach v. State* (1909), 138 Wis. 152, 119 N. W. 843. The evidence must throw doubt upon the greater offense. Juries cannot rightly convict of the lesser offense merely from sympathy or for the purpose of reaching an agreement. They are bound by the evidence and should be limited to those included crimes which a reasonable view of the evidence will sustain and does not convince beyond a reasonable doubt the additional element of the greater crime existed.

We are urged by Melvin to change this rule so that all included crimes or at least those requested by counsel would be charged even though the evidence may not raise a reasonable doubt of the sufficiency of the proof of the greater crime. We decline to do so. The present rule is just both to the accused and the state.

The evidence in this case does not permit a view that Melvin acted without a depraved mind within the meaning of sec. 941.30, Stats. The crime of endangering the safety by conduct regardless of life does not require the specific intent to kill as does first-degree murder. Three elements of the crime were proved to the point no op-

posite view was possible. Hackett's safety was actually endangered when Melvin shot at him through the windshield. Shooting a gun at another is conduct imminently and per se dangerous to life. Melvin's conduct evinced a mind which had little or no regard for human life. His conduct was not justified. There is no evidence of panic.

While the testimony of the Kehoes is sufficient to show reckless use of weapon, their testimony does not conflict with the testimony of Hackett or cast doubt upon the existence of a depraved mind. Consequently, the requested instruction on the reckless use of a weapon was properly refused.

Melvin argues there should be a new trial in the interest of justice, but the basis for this argument is alleged error. Relying on 53 Am. Jur., *Trial*, p. 483, sec. 617, he claims the trial court should have given an instruction to the effect that in weighing the testimony of police officers the jury should take into account their feeling of interest to convict. However, the authority cited states that in general an instruction warning the jury to use great care in weighing the testimony of police officers should be refused. There is one state decision cited to the contrary: *Romero v. State* (1917), 101 Neb. 650, 164 N. W. 554. On the facts of the instant case we think the general cautionary instruction on the credibility of witnesses which was given by the trial court was sufficient. There was no "multitude of police" witnesses exhibiting an extraordinary willingness to convict, as suggested by Melvin.

Melvin also argues that the jury had no alternative but to convict him of endangering safety by conduct regardless of life because the only other alternative was to acquit him. On the facts, he argues the jury had to find him guilty of something. The interest of justice does not require that the jury be given alternative choices for conviction but rather requires the jurors to determine a factual dispute on the evidence. We are convinced Mel-

vin was properly found guilty of endangering the safety by conduct regardless of life. Since no doubt of his guilt exists and he has had a fair trial, justice does not demand he be given another chance for acquittal. *Lock v. State* (1966), 31 Wis. 2d 110, 142 N. W. 2d 183; *Commodore v. State, supra.*

*By the Court.*—Judgment and order affirmed.