STATE of Wisconsin, Plaintiff-Respondent,

v.

Peter Ed DAVIS, Jr., Defendant-Appellant.

Court of Appeals

No. 82–1565–CR. Submitted on briefs May 11, 1983.—
Decided July 11, 1983.
(Also reported in 338 N.W.2d 301.)

For the defendant-appellant the cause was submitted on the briefs of *Lehmann Law Offices,* with *David E. Lehmann* of counsel, of Madison.

For the plaintiff-respondent the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, with *Michael R. Klos,* assistant attorney general, of counsel, of Madison.

Before Wedemeyer, P. J., Decker and Moser, JJ.

WEDEMEYER, P. J.   Peter Davis (Davis) appeals from an order of the trial court denying his postconviction motion for a new trial.  Davis claims that his constitutional right to effective assistance of counsel[1] was violated.  We hold that the order of the trial court is based on insufficient findings of fact, and accordingly, we reverse the order of the trial court and remand the cause for further proceedings.[2]

Davis and Jerry Holifield (Holifield) entered the Subs and Stuff restaurant at approximately 1:00 a.m. on January 4, 1980.  Davis pulled a gun on the manager, and Davis and Holifield robbed the restaurant.  After Davis and Holifield left the restaurant, the manager chased after them carrying a wooden stick and a metal pipe.  The manager threw the pipe at Davis, who turned around and fired shots.  Davis testified that he shot into the air and not at the manager.  Davis further testified that the shots were intended only to scare off the manager, not to kill him.  Davis and the manager were approximately twenty-five feet apart when these first shots took place.  After these shots, Davis ran toward a van into which Holifield had entered.  The manager continued to run after Davis, and Davis fired one or two more shots after entering into the van.  Davis testified that these shots were again intended only to scare the manager and were fired into the air, not at the manager.

Davis's trial counsel did not request that the trial court issue a lesser-included offense instruction nor ask that the verdict include the offense of endangering safety as

---

[1] The sixth amendment to the United States Constitution states, in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  This sixth amendment right was made applicable to the states through the due process clause of the fourteenth amendment in *Gideon v. Wainwright*, 372 U.S. 335 (1963).

[2] Since this court is reversing and remanding the order of the trial court, we need not decide the appeal from the judgment.

well as attempted murder.[3] Davis was found guilty of armed robbery and attempted murder. At a postconviction hearing, Davis claimed that his counsel did not effectively represent him at the trial, and asked for a new trial. The trial court denied Davis's motion. This appeal followed.

## EFFECTIVE ASSISTANCE OF COUNSEL

The Wisconsin Supreme Court, in *State v. Harper*, 57 Wis. 2d 543, 205 N.W.2d 1 (1973), enunciated the standard for claims of ineffective assistance of counsel: "Effective representation is not to be equated, as some accused believe, with a not-guilty verdict. But the representation must be equal to that which the ordinarily prudent lawyer, skilled and versed in criminal law, would give to clients who had privately retained his services." *Id.* at 557, 205 N.W.2d at 9.

The court in *Harper* also stated:

In considering alleged incompetency of counsel, one should not by hindsight reconstruct the ideal defense. The test of effectiveness is much broader and an accused is not entitled to the ideal, perfect defense or the best defense but only to one which under all the facts gives him reasonably effective representation. *Id.* at 556–57, 205 N.W.2d at 9.

The standard of *Harper* continues to be the measure of effective counsel. *State v. Fencl*, 109 Wis. 2d 224, 228, 325 N.W.2d 703, 706–07 (1982); *cf. id.* at 245–46, 325 N.W.2d at 714 (Abrahamson, J., concurring).

---

[3] Endangering safety by conduct regardless of life, sec. 941.30, Stats., is a lesser-included offense of the crime of attempted first degree murder. *Walker v. State*, 92 Wis. 2d 690, 692–93, 286 N.W.2d 2, 3 (Ct. App. 1979), *aff'd*, 99 Wis. 2d 687, 692, 299 N.W.2d 861, 863–64 (1981).

Recently the supreme court discussed the manner in which the *Harper* standard is to be implemented. In *Fencl, id.* at 229, 325 N.W.2d at 707, the court explained: "In evaluating the effectiveness of [counsel's] assistance to Fencl, we must first determine whether there was a basis in reason for [counsel's] actions. If we find that [counsel's] conduct was unreasonable and contrary to the actions of an ordinarily prudent lawyer, we must then determine whether such action was prejudicial to Fencl." [Footnote and citations omitted.]

We conclude that adherence to this formula requires a determination of a mixed question of fact and law.[4] Chronologically, the trial court must first make findings of fact regarding trial counsel's actions. Next, the trial court must find as a matter of fact what the ordinarily prudent lawyer would have done. On review, this court must sustain these findings of fact unless they are against the great weight and clear preponderance of the evidence. *Cogswell v. Robertshaw Controls Co.*, 87 Wis. 2d 243, 249, 274 N.W.2d 647, 650 (1979) ; *State v. Felton*, 110 Wis. 2d 485, 504, 329 N.W.2d 161, 170 (1983).

Continuing on, the trial court must then make the legal conclusion whether trial counsel's actions were "unreasonable and contrary" to the actions the ordinarily prudent lawyer would have taken. Making a determination whether particular facts fulfill a particular legal standard is a question of law. On review, conclusions of law will be given no deference by the appellate court. *See Nottelson v. DILHR*, 94 Wis. 2d 106, 115–16, 287 N.W.2d 763, 768 (1980) ; *see also Felton, supra*, 110 Wis. 2d at 505, 329 N.W.2d at 170.

---

[4] *See State v. Felton*, 110 Wis. 2d 485, 504–05, 329 N.W.2d 161, 170 (1983).

If the trial court determines that trial counsel's actions were unreasonable and therefore violative of his sixth amendment right to assistance of counsel, it must further determine whether such action was prejudicial to the defendant.[5] At this juncture in this process, it is the burden of the state to prove that the unreasonable actions of counsel are harmless beyond a reasonable doubt. An error of constitutional dimension is prejudicial unless a court can conclude it is harmless beyond a reasonable doubt. *State v. Billings*, 110 Wis. 2d 661, 666–67, 329 N.W.2d 192, 294–95 (1983) ; *cf. Fencl*, supra, 109 Wis. 2d at 241, 325 N.W.2d at 713 (Heffernan, J., concurring). In assessing the impact of the constitutional error, there are three factors a court must consider: (1) the frequency of the error; (2) the nature of the state's case; and (3) the defense presented at trial. *Billings, supra,* 110 Wis. 2d at 669, 329 N.W.2d at 195. On review, this court must assess the impact of the error in the same manner as the trial court.[6] *See id.* at 668, 329 N.W.2d at 195.

Here, the trial court's decision consists mainly of conclusions that Davis's counsel was effective. This court does not have the constitutional power to find facts. *Wurtz v. Fleischman,* 97 Wis. 2d 100, 107 n. 3, 293 N.W.2d 155, 159 n. 3 (1980). Although the trial court stated that there was no basis in the record for a finding of ineffective assistance of counsel, this court holds that its con-

---

[5] If the defendant can show by clear and convincing evidence that an actual conflict of interest existed in counsel's representation, no actual prejudice need be shown. *State v. Franklin*, 111 Wis. 2d 681, 686–87, 331 N.W.2d 633, 636–37 (Ct. App. 1983).

[6] The Wisconsin Supreme Court recently held that determinations of prejudice should be made on a case-by-case basis. *Felton, supra* note 3, 110 Wis. 2d at 503, 329 N.W.2d at 169.

clusion is not supported by sufficient findings of fact.[7] We must thus reverse the trial court's order and remand the cause for further proceedings consistent with this opinion. *Id.* at 108, 293 N.W.2d at 159.

*By the Court.*—Order reversed and cause remanded.

---

[7] The facts and inferences drawn therefrom are not undisputed. Therefore, unlike the case of *Felton, supra* note 3, this court is not presented merely with a question of law. *Id.* at 504, 329 N.W.2d at 170.