State of Wisconsin, Plaintiff-Respondent,
v.
Philip P. Sheahan, Defendant-Appellant.
Nos. 04-0139-CR, 04-0140-CR
Court of Appeals of Wisconsin.
Opinion Filed: September 30, 2004.
Before Dykman, Vergeront and Higginbotham, JJ.
¶1 PER CURIAM.
Philip Sheahan appeals judgments convicting him, as a habitual offender, of first-degree sexual assault and burglary, each by use of dangerous weapon, possession of a firearm by a felon and carrying a concealed weapon. He also appeals an order denying his motion for postconviction relief. He claims the circuit court erroneously exercised its discretion by refusing to allow him to withdraw his pleas and by sentencing him to a term greater than his life expectancy. We disagree and affirm.

BACKGROUND
¶2 Sheahan was charged as a habitual offender with possession of a firearm by a felon, carrying a concealed weapon, and disorderly conduct, stemming from an incident in which he threatened to use a gun on his ex-girlfriend if she did not break up with her current boyfriend. While that case was pending, Sheahan was charged as a habitual offender with four counts of first-degree sexual assault of an elderly person, one count of armed burglary, one count of robbery of an elderly person, three counts of felony bail jumping and one count of felony battery, based on allegations that he had gained entry to the house of an eightyfour-year-old woman on the pretext of using her phone, then proceeded to rape, beat and rob her at knifepoint.
¶3 On September 3, 2002, Sheahan entered no contest pleas to the weapons charges in exchange for dismissal of the disorderly conduct count, without the presence of counsel and without filling out a written plea questionnaire. At a separate hearing on September 12, 2002, after having less than an hour to consult with his attorney about a plea offer, he entered no contest pleas to one of the first-degree sexual assault charges and the burglary charge in exchange for the dismissal of the eight remaining counts in that case. Sheahan filled out a plea questionnaire for that case. The circuit court ordered presentence investigation reports for both cases.
¶4 On the morning of the sentencing hearing Sheahan filed a motion labeled with the captions for both cases in which he moved to withdraw the pleas he had entered on September 12, 2002, claiming he had been pressured by counsel into accepting the pleas without sufficient time to discuss them and without understanding the effect the pleas would have on his right to appeal. The circuit court denied the motion after taking testimony from Sheahan and the case proceeded to sentencing.
¶5 The circuit court sentenced Sheahan to consecutive terms of two years of initial confinement and two years of extended supervision on the count of possession of a firearm by a felon; one year on the concealed weapon count; fiftyfive years of initial confinement and twenty years of extended supervision on the sexual assault count; and fifty years of initial confinement and twenty years of extended supervision on the burglary count, for a total sentence of one hundred and fifty years, at least one hundred and eight of which would need to be served before Sheahan was eligible for release. Sheahan filed a postconviction motion challenging his sentences on the sexual assault and burglary charges, which was denied.

DISCUSSION

Plea Withdrawal
¶6 Any fair and just reason, including a genuine misunderstanding of the consequences of a plea, may justify withdrawal of a plea prior to sentencing, so long as the prosecution has not been substantially prejudiced by relying on the plea. State v. Shanks, 152 Wis. 2d 284, 288-90, 448 N.W.2d 264 (Ct. App. 1989). A simple change of heart over whether to go to trial does not constitute a fair and just reason for plea withdrawal, however. See State v. Garcia, 192 Wis. 2d 845, 861-62, 532 N.W.2d 111 (1995). In considering whether a fair and just reason exists, the circuit court may assess the credibility of the proffered explanation for the plea withdrawal request. See State v. Kivioja, 225 Wis. 2d 271, 291, 592 N.W.2d 220 (1999). Credibility determinations are not reviewable by this court. See State v. Marty, 137 Wis. 2d 352, 359, 404 N.W.2d 120 (Ct. App. 1987).
¶7 Here, Sheahan offered several reasons for wanting to withdraw his pleas. The lack of counsel at the September 3, 2002 hearing was not among them. The circuit court made a factual finding that Sheahan's reason for wanting to withdraw his pleas was "essentially" that he wanted a trial. That finding was supported by Sheahan's own testimony that he "made a mistake" and wanted "to take this case to trial" because he thought he would "stand a good chance of getting acquitted by a jury" and by Sheahan's failure to raise the issue in a prior letter he had written to the court after his father had advised him of the impact his pleas could have on his appellate rights. The circuit court was in the best position to sort through the multiple reasons Sheahan offered for his change of heart to determine which were the most credible and we will not disturb its determination in that regard. The circuit court then correctly concluded that Sheahan's desire to go to trial was insufficient to warrant plea withdrawal.

Sentence
¶8 Sentence determinations are accorded a presumption of reasonableness and will not be set aside unless the circuit court has erroneously exercised its discretion. State v. Schreiber, 2002 WI App 75, ¶7, 251 Wis. 2d 690, 642 N.W.2d 621. In order to properly exercise its discretion, the circuit court should take into consideration such factors as the gravity of the offense, the defendant's character and rehabilitative needs and the need to protect the public. Id., ¶8. The circuit court may decide what weight to give each factor, however. Id. Therefore, in order to demonstrate a misuse of discretion, a defendant must show that the record contains an unreasonable or unjustifiable basis for the circuit court's action, resulting in a sentence that is excessive or "so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." Id., ¶¶7, 9.
¶9 Sheahan asks us to decide that his combined sentences were per se excessive because they exceeded his life expectancy, whereas a person convicted of intentional homicide might still be eligible for parole. We are not persuaded. The length of Sheahan's combined sentences would not have been possible if he had not been convicted of multiple offenses and if he were not a habitual offender. Nor do the length of the sentences shock public sentiment given the very serious nature of the offenses.
¶10 Sheahan also contends that the circuit court failed to adequately explain why it imposed the sentences it did. Again, we disagree. The circuit court emphasized that the offenses were "some of the most heinous crimes ... ever committed in Monroe County;" that it was "beyond imagination" how anyone could commit them; that Sheahan had an extensive criminal record and had failed to address substance abuse issues during prior contacts with the criminal justice system; and that the public needed to be assured that there was no prospect of Sheahan ever assaulting anyone else again. Those were valid reasons for imposing the maximum available sentences.
By the Court.  Judgments and order affirmed.