COMMONWEALTH *vs.* CHARLES A. BOOKMAN. September 16, 1980. After a jury-waived trial in the Superior Court, the defendant was found guilty of rape, G. L. c. 265, § 22, assault with intent to commit rape, G. L. c. 265, § 24, and kidnapping, G. L. c. 265, § 26. He alleges that the judge erred in limiting the scope of cross-examination of the victim and that he did not have the effective assistance of counsel at his trial. We affirm the judgments.

1. The defendant sought to refute the victim's testimony on the basis of her alleged consent to his conduct as well as her mental abilities. Some six months prior to the rape, the victim had been hospitalized for a psychiatric illness, and at the time of the rape she was residing at a half-way home for persons released from hospitals for the mentally disturbed. In the exercise of his discretion, the judge refused the defendant the unrestricted public use of the victim's medical records which contained personal and confidential information concerning the victim and members of her family. See *Globe Newspaper Co.* v. *Superior Court,* 379 Mass. 846, 857-859 (1980). The judge advised defense counsel that he could question the victim concerning what medication, if any, she was taking on the days in question and that there was no restriction on the scope of "usual cross-examination, accuracy, memory, anything you ask on usual cross-examination." Moreover, the judge ruled that as the fact finder he would consider the victim's medical records, which had been introduced in evidence and which he had read, in assessing the victim's credibility. A judge's exercise of discretion in limiting the scope of cross-examination is subject to the defendant's right to "the opportunity for full and fair cross-examination," *Commonwealth* v. *Franklin,* 366 Mass. 284, 289-290 (1974), and cases cited, and "the right to present a full defense," *Commonwealth* v. *Bohannon,* 376 Mass. 90, 94 (1978). We conclude that the judge's ruling was well within the bounds of his discretion and that it

struck the proper balance between legitimate concern for the victim's dignity and the defendant's absolute right to attack her credibility and present fully his defense to the fact finder. Contrast *Bohannon* at 94-95.

2. The defendant's contention that he was denied a fair trial due to the ineffective assistance of his trial counsel is disposed of by our holding in *Commonwealth* v. *Porter*, 9 Mass. App. Ct. 908 (1980): "[This contention] may involve the resolution of disputed and unsettled factual questions concerning defense counsel's conduct at the trial. In these circumstances the judgment of conviction must be affirmed and the defendant remitted to his remedy to resolve the factual issues in the Superior Court by an appropriate motion for a new trial."

*Judgments affirmed.*

*Thomas Hoffman* for the defendant.
*Rosalind Henson Miller*, Special Assistant District Attorney (*Michael J. Traft*, Assistant District Attorney, with her) for the Commonwealth.