STATE of Wisconsin, Plaintiff-Respondent,

v.

Bruce PEARDOT, Defendant-Appellant.†

Court of Appeals

No. 83–296–CR. Submitted on briefs February 13, 1984.—
Decided May 25, 1984.
(Also reported in 351 N.W.2d 172.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Mary E. Waitrovich,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Jeffrey M. Gabrysiak,* assistant attorney general.

Before Gartzke, P.J., Dykman, J., and Rudolph T. Randa, Reserve Judge.

DYKMAN, J. Defendant Bruce Peardot appeals from a conviction of delivering a controlled substance, party to a crime, secs. 161.41(1)(a) and 939.05, Stats., and an order denying his postconviction motion alleging ineffective assistance of counsel and other errors. We affirm.

The evidence showed that a citizen informant used marked currency to purchase LSD from James Linder, who had obtained the LSD from defendant and who passed the marked bills on to him. The bills were found in defendant's wallet when he was arrested without a warrant later that night at his house. Defendant's trial counsel did not move to suppress the currency. At a pretrial hearing attended by neither defendant nor his attorney, the trial court granted the state's motion *in limine* to admit the currency.

At the postconviction hearing, defendant's trial counsel, Philip Arneson, testified that he had not moved to suppress the currency because he believed that defendant's roommate had admitted the officers to defendant's home and a suppression motion would have been a waste of time. He failed to appear at the hearing on the state's motion for the same reason.

After hearing testimony from defendant, his roommate, and the officers, the trial court concluded that the entry was without consent, but that exigent circumstances justified the entry, because defendant might have disposed of the currency before the officers could obtain a warrant. It found that Arneson was not ineffective

and that defendant had not been deprived of his right to counsel at the hearing.[1]

*Motion to Suppress*

Effective representation is "that which the ordinarily prudent lawyer, skilled and versed in criminal law, would give to clients who had privately retained his [or her] services." *State v. Harper*, 57 Wis. 2d 543, 557, 205 N.W.2d 1, 9 (1973). The question is whether a reasonable basis existed for the lawyer's actions. *State v. Rock*, 92 Wis. 2d 554, 560, 285 N.W.2d 739, 742 (1979). The lawyer will not be determined ineffective, however, unless the defendant is prejudiced by the lawyer's action or failure to act. *State v. Felton*, 110 Wis. 2d 485, 503, 329 N.W.2d 161, 169 (1983). The standard of effectiveness required by the sixth amendment to the United States Constitution is whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Strickland v. Washington*, —— U.S. ——, ——, 52 U.S.L.W. 4565, 4570 (U.S. May 14, 1984). Additionally, a court must determine whether there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, —— U.S. at ——, 52 U.S.L.W. at 4572. These tests are equivalent to the tests used in *Harper*, *Rock* and *Felton*.

Because the trial court correctly concluded that exigent circumstances justified the entry, defendant was not

---

[1] The trial court also denied defendant's postconviction motion for reduction of sentence. Defendant appeals from the denial of his postconviction motion, but does not argue that the trial court erred by refusing to modify his sentence. We presume that defendant has abandoned his sentence-modification request. *Charolais Breeding Ranches v. FPC Securities*, 90 Wis. 2d 97, 109, 279 N.W.2d 493, 499 (Ct. App. 1979).

prejudiced by Arneson's failure to move the evidence be suppressed. Defendant therefore was not denied effective assistance of counsel.

Defendant attacks the trial court's conclusion that exigent circumstances justified the warrantless entry. A warrantless entry by criminal law-enforcement officials may be permissible under the fourth amendment to the United States Constitution when there is "compelling need for official action and no time to secure a warrant." *Michigan v. Tyler,* 436 U.S. 499, 509 (1978). "The presence of evidence reasonably believed to be in imminent danger of removal or destruction is well-recognized as a circumstance which may permit immediate police action." *United States v. Kulcsar,* 586 F2d 1283, 1287 (8th Cir 1978). In determining whether exigent circumstances existed, the reviewing court must concern itself with what the officers had reason to believe at the time of their entry. *Ker v. California,* 374 U.S. 23, 40 n. 12 (1963). Since the facts are undisputed, we will determine as a matter of law whether exigent circumstances existed. *State v. Drogsvold,* 104 Wis. 2d 247, 267, 311 N.W.2d 243, 253 (Ct. App. 1981).

Exigent circumstances existed here. The marked currency was the best evidence linking defendant with the sale of the LSD. If the police had not moved quickly, defendant could easily have disposed of the money in any of several ways—by spending it, by giving it to someone else, by hiding it, or by depositing it in a bank account. A third person was in the house when defendant and Linder exchanged the money for the LSD; he could have told defendant that Linder had been arrested and thereby given defendant reason to dispose of the marked bills. It was 7:40 p.m. when the sale occurred, and later still when defendant was arrested; it would have been diffi-

cult to obtain a warrant at that hour. Reasonable officers could have believed that there was a "compelling need for official action." *Tyler, supra.* The warrantless entry of defendant's home was not unlawful under the fourth amendment to the United States Constitution.

Defendant argues that because the arresting officers did not believe that exigent circumstances compelled their entry, the entry cannot be justified on an exigent-circumstances theory. The arresting officers testified that they believed this was a routine felony arrest and that they entered defendant's home because they believed his roommate had given them permission to do so. They said that when they received the call to pick defendant up, they did not go immediately to his home, but finished the task they were doing.

The officers' subjective belief is not determinative of whether the entry was permissible under the exigent circumstances exception. Their subjective belief would be relevant under the emergency exception, under which police may "[make] warrantless entries and searches when they reasonably believe that a person is in need of aid." *State v. Prober,* 98 Wis. 2d 345, 360, 297 N.W.2d 1, 9 (1980). There was no emergency present here, however, so the rules of the emergency exception do not apply. This court must determine whether exigent circumstances exist independently, *Drogsvold, supra,* without reference to the beliefs of the officers involved.

Defendent argues that because the police captain saw him leave the house where the sale occurred and did not arrest him, any exigency which may have existed was dissipated. *See G.M. Leasing Corp. v. United States,* 429 U.S. 338, 361 (1977) (Burger, C.J., concurring) (officers' delay in entering house, in face of suspicious events, dissipated exigent circumstances). The captain testified at trial, however, that the police determined that

defendant probably had the marked currency in his possession only after they arrested and searched James Linder. The captain had no reason to believe that any exigency existed when he observed defendant leaving the house, and thus his failure to arrest defendant immediately did not dissipate the exigency.

*Motion in Limine*

The trial court granted the state's motion *in limine* to admit the marked currency into evidence. Neither defendant nor his attorney was present at the hearing. Defendant contends the trial court's *ex parte* ruling denied his right to due process, guaranteed by U.S. Const. amend. XIV and Wis. Const. art. I, sec. 8, his right to be heard personally and by counsel, guaranteed by Wis. Const. art. I, sec. 7, and his right under sec. 971.04, Stats., to be present at criminal proceedings.

Section 971.04(1), Stats., provides that "the defendant shall be present . . . [a]t any evidentiary hearing. . . ." The purpose of sec. 971.04 is "to protect the defendant—that there may not be a trial in absentia *without the consent of the defendant*." *State v. Dickson,* 53 Wis. 2d 532, 546, 193 N.W.2d 17, 25 (1972) (emphasis in original). The record provides no basis for a conclusion that defendant waived his right to be present at the hearing. Attorney Arneson stated at a second hearing held a few days later that "it was not Mr. Peardot's fault [he failed to appear] because I didn't tell him to be here. . . ." The trial court erred by granting the state's motion in the absence of defendant and his attorney.

The error was harmless, however. The currency was properly admitted into evidence. Defendant was not prejudiced by the ruling made in his absence.

*New Trial in Interest of Justice*

Defendant requests that we grant him a new trial in the interest of justice. He points to several errors which

occurred at trial to support his request: (1) one of the jurors indicated three times during the course of the trial that he was having trouble hearing; (2) during jury selection, the jurors could see a large map of the area where the drug sale occurred which included a prominently marked elementary school; and (3) the prosecutor twice referred to defendant's having driven a motorcycle through a tavern.

We will reverse and remand for a new trial in the interest of justice only where we are convinced that there has been a probable miscarriage of justice or that a new trial will probably reach a different result. *Gates v. State,* 91 Wis. 2d 512, 525, 283 N.W.2d 474, 480 (Ct. App. 1979) ; sec. 752.35, Stats. We are not so convinced.

*By the Court.*—Judgment and order affirmed.