STATE of Wisconsin, Plaintiff-Appellant,

v.

Oliver Ross JOHNSON, Defendant-Respondent.†

Court of Appeals

*No. 84–2143–CR. Submitted on briefs June 4, 1985.—*
*Decided August 15, 1985.*
(Also reported in 374 N.W.2d 637.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the plaintiff-appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, with *Barry M. Levenson,* assistant attorney general of counsel of Madison.

For the defendant-respondent the cause was submitted on the briefs of *Luck & Rosenthal, S.C.,* with *Gary M. Luck* and *Joel H. Rosenthal* of counsel, of Milwaukee.

Before Wedemeyer, P.J., Moser and Sullivan, JJ.

SULLIVAN, J.   Oliver Ross Johnson (Johnson) was convicted of first degree murder and sentenced to life imprisonment. He moved for a new trial because of ineffectiveness of counsel. The trial court granted Johnson's motion, setting aside the judgment of conviction, vacating the sentence, and ordering a new trial. The state appeals.

An order for a new trial in a criminal case will not be upset absent a clear showing of abuse of discretion. *State v. Albright,* 98 Wis. 2d 663, 674, 298 N.W.2d 196, 202 (Ct. App. 1980). We are satisfied that the trial court did not abuse its discretion. Accordingly, we affirm the order for a new trial.

The facts underlying Johnson's claim of ineffective counsel are not at issue. Five days before trial, Johnson moved the court for the appointment of new counsel due to differences between Johnson and his attorney regarding trial strategy and defenses. After a hearing, the court denied Johnson's motion. The prosecutor then indicated his understanding that Johnson's attorney was going to raise the issue of Johnson's competency to stand trial. Johnson's attorney, however, stated that no competency issue existed. Johnson himself said, "I feel that there shouldn't really be any competence request at this time." No further inquiry concerning Johnson's competence was made until his posttrial motion.

At the time of the pretrial hearing, however, Johnson's attorney had in his possession letters from a psychiatrist

and a psychologist expressing serious doubts about Johnson's competency to stand trial. Johnson's attorney made a strategic decision to withhold these letters from the court. He told the court in the posttrial hearing that he had believed Johnson to be competent.

Johnson asserted in his posttrial motion that he was denied effective counsel in violation of his sixth amendment rights under the federal constitution by his trial attorney's failure to request a competency hearing on the basis of the two letters. The trial court agreed. The state asserts that Johnson's trial counsel was not ineffective as a matter of law.

A criminal defendant's right to counsel is guaranteed by the sixth amendment to the U.S. Constitution and by article I, sec. 7 of the Wisconsin Constitution. The right to counsel exists to protect a defendant's fundamental due process right to a fair trial. *Strickland v. Washington,* 104 S. Ct. 2052, 2063, *reh'g denied,* 104 S Ct. 3562 (1984). Because of the vital role played by counsel to ensure that a trial is fair, "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970); *State v. Ludwig,* 124 Wis. 2d 600, 606, 369 N.W.2d 722, 725 (1985).

The United States Supreme Court has recently set forth a two-pronged test for determining whether an attorney's assistance was so defective as to violate a defendant's constitutional rights. In *Strickland,* the Court presented the following test for determining an attorney's "actual ineffectiveness:"

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This re-

quires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

104 S. Ct. at 2064. *Strickland's* two-pronged test is equivalent to those set out in earlier Wisconsin cases. *State v. Peardot,* 119 Wis. 2d 400, 403, 351 N.W.2d 172, 175 (Ct. App. 1984). Although both components of the test present mixed questions of law and fact, *Strickland,* 104 S. Ct. at 2070, the facts are undisputed in the instant case. Whether the attorney's behavior was deficient and whether it was prejudicial to the defense are both questions of law. *State v. Pitsch,* 124 Wis. 2d 628, 634, 369 N.W.2d 711, 715 (1985). Thus, we do not defer to the trial court's determination. *State v. Felton,* 110 Wis. 2d 485, 505, 329 N.W.2d 161, 170 (1983).

We must first determine whether the performance of Johnson's trial counsel was deficient. The *Strickland* Court explicitly declined to provide specific guidelines for measuring an attorney's performance. Rather, the Court stated that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland,* 104 S. Ct. at 2065. Similarly, the Wisconsin Supreme Court has stated that an attorney's conduct may not be "unreasonable and contrary to the actions of an ordinarily prudent lawyer." *State v. Fencl,* 109 Wis. 2d 224, 229, 325 N.W.2d 703, 707 (1982).

The state asserts that the failure of Johnson's trial counsel to bring the competency issue to the court's attention did not constitute deficient performance but, rather, was a reasonable decision regarding trial strategy. We disagree.

Section 971.13 (1), Stats., states that "[n]o person who lacks substantial mental capacity to understand the proceedings or assist in his or her own defense may be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures." Section 971.14, Stats., sets out special procedures by which a defendant's competency is to be determined by the court and mandates that "[t]he court shall proceed under this section whenever there is reason to doubt a defendant's competency to proceed." Sec. 971.14(1)(a). A defendant's competency to stand trial, therefore, shall be determined by the court and not by a doctor, the defendant, or the defendant's attorney. We agree with the trial court that sec. 971.14 "does not authorize the attorney to determine whether the defendant is competent. That determination rests exclusively with the [c]ourt." *See also State ex rel. Haskins v. County Courts,* 62 Wis. 2d 250, 264, 214 N.W.2d 575, 582 (1974) (determination of competency to stand trial is judicial matter).

The *Strickland* Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential." 104 S. Ct. at 2065. Nevertheless, because the defense attorney's determination of Johnson's competency was contrary to law, he failed to act as a reasonably prudent lawyer. It was not reasonable in light of the statutory procedure for Johnson's attorney to substitute his estimation of Johnson's competence for the trial court's under sec. 971.14, Stats. The attorney's conduct, therefore, was deficient as a matter of law.

We next turn to the second component of the ineffectiveness inquiry: whether the attorney's deficient performance in withholding the issue of Johnson's competence was prejudicial to the defense. In other words, we must ask whether the defense attorney's "errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 104 S. Ct. at 2064.

The Wisconsin Supreme Court recently discussed *Strickland's* test for prejudice in *Pitsch*, 124 Wis. 2d at 641–42, 369 N.W.2d at 718:

The [*Strickland*] Court said that while it is "not enough for the defendant to show that errors had some conceivable effect on the outcome of the proceeding," [104 S. Ct.] at 2067, neither must the "defendant . . . show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 2068. Although in *Strickland v. Washington* the Court speaks in terms of the defendant's showing that "but for counsel's unprofessional errors the result of the proceeding would have been different," *id.* at 2068, the Court rejects an "outcome-determinative standard," *id.* . . . The focus is on the reliability of the proceedings. . . . "The result of a proceeding can be rendered unreliable, and hence the proceeding itself, unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Id.*

Both parties assert that the showing required to establish prejudice under *Strickland* (that the outcome *would* have been different) is higher than that required by Wisconsin case law (that the outcome *could* have been different). *See, e.g., Felton,* 110 Wis. 2d at 503, 329 N.W.2d at 169. This assertion is incorrect. In requiring a defendant to show a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different, *Strickland* defines "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." 104 S. Ct. at 2068. *Strickland,* it must be stressed, does not require a defendant to show by a preponderance of the evidence that the outcome would have been different. As we concluded in *Peardot,* 119 Wis. 2d at 403, 351 N.W.2d at 175, the state and federal tests for prejudice in the context of ineffective counsel are equivalent.

Thus, the state's contention that Johnson had the burden at the posttrial hearing of proving his incom-

petency to stand trial is erroneous. Rather, Johnson has only to show that his conviction "is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Strickland*, 104 S. Ct. at 2069. We hold that, because the question of Johnson's competence was never brought before the court, his conviction was rendered unreliable.

The procedure under sec. 971.14, Stats., for determining a defendant's competency to proceed has been described as "a critically important fail-safe device for the benefit of accused persons who may not be able to fully cooperate and assist in their defense." *State ex rel. Matalik v. Schubert*, 57 Wis. 2d 315, 322, 204 N.W.2d 13, 16 (1973). The *Matalik* court emphasized that "suspending criminal proceedings against an incompetent is rooted in the 'fundamental fairness' doctrine which pervades Anglo-American justice." *Id.; see also Drope v. Missouri*, 420 U.S. 162, 172 (1975) (prohibition against subjecting an incompetent to trial "is fundamental to an adversary system of justice"). Moreover, a defendant who may be incompetent cannot "knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." *Pate v. Robinson*, 383 U.S. 375, 384 (1966).

Our review of the record indicates that, if Johnson's attorney had disclosed to the trial court the two letters questioning Johnson's competency, proceedings would have been initiated under sec. 971.14, Stats. Johnson's attorney, in effect, waived Johnson's right to have the court determine his competency to proceed. Because a defendant's competency is so basic to a fair trial, the attorney's deficient conduct undermines our confidence in the outcome of Johnson's trial. Indeed, had the defense attorney brought the competency issue to the trial court's attention, Johnson may have been found incompetent and there may have been no trial. Thus, the second prong of the *Strickland* test has been met.

Both parties cite article I, sec. 7 of the state constitution as a source of a defendant's right to effective counsel in addition to the federal constitution. Neither party, however, argues that the state provision differs from the federal in its application to claims of ineffective counsel. Because we hold that Johnson's federal constitutional rights were violated under the *Strickland* test, it is unnecessary to inquire further regarding the scope of Johnson's rights under article I, sec. 7. *See Pitsch,* 124 Wis. 2d at 646–47, 369 N.W.2d at 721.

We conclude that the conduct of Johnson's attorney in withholding the question of Johnson's competence from the trial court "so undermine[d] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 104 S. Ct. at 2064. We therefore affirm the order of the trial court setting aside the judgment of conviction, vacating the sentence, and granting a new trial.

*By the Court.*—Order affirmed.