COMMONWEALTH *vs.* ORLANDO OLIVARES.

No. 90-P-964.

Middlesex, February 8, 1991. - May 16, 1991.

Present: KASS, PORADA, & LAURENCE, JJ.

*Probable Cause. Arrest. Constitutional Law*, Search and seizure, Probable
  cause. *Search and Seizure*, Probable cause, Exigent circumstances, Af-
  fidavit. *Practice, Criminal*, Mistrial, Argument by prosecutor.

In a criminal case police acted lawfully in arresting the defendant without
  a warrant, where the police relied on information from a named inform-
  ant who participated in a controlled drug buy from the defendant as
  well as their independent observations to satisfy the requirements of
  reliability and basis of knowledge and to establish probable cause for
  the arrest. [597-599]
In a criminal case police acted lawfully in searching without a warrant the
  area within the defendant's immediate control at the time of his lawful
  warrantless arrest, where the circumstances were exigent. [599]
An affidavit in support of a search warrant did not show probable cause
  for the search of the defendant's house immediately after his arrest for
  drug trafficking on his business premises, where there was no specific
  information tying the house to illegal drug transactions other than that
  the defendant lived there. [599-601]
At a criminal trial the judge properly refused to grant a mistrial based on
  impermissible comment by the prosecutor in his opening remarks,
  where the judge's instructions were sufficient, in the circumstances, to
  avert any prejudice to the defendant. [601-602]

INDICTMENTS found and returned in the Superior Court
Department on December 29, 1988.

A pretrial motion to suppress was heard by *John Paul
Sullivan*, J., and the cases were tried before him.

*Eileen D. Agnes* for the defendant.

*Miranda S. Jones*, Assistant District Attorney, for the
Commonwealth.

PORADA, J. From his two convictions by a jury in the Su-
perior Court of trafficking in cocaine, the defendant appeals.
He assigns as errors the denial of his motion to suppress evi-

dence seized in two searches, one at his business premises at the time of his arrest without a search warrant, and the other at his home with a search warrant after his arrest; the denial of his motion for a mistrial based on impermissible comment by the prosecutor during his opening to the jury; and deprivation of effective assistance of counsel at the time of sentencing. We affirm one conviction and set aside the other.

1. *Motion to suppress.*

a. *Warrantless search.* The defendant contends that the police lacked probable cause to arrest him without a warrant and to search without a warrant the area within his immediate control at the time of his arrest at his workplace. We disagree.

We summarize the pertinent facts on which the judge based his denial of the motion. On November 18, 1988, the Hudson police arrested one Jose Braga for distribution of cocaine and trafficking in cocaine. He agreed to cooperate with the police by setting up a buy with his supplier, whom he identified as the defendant. On November 19, 1988, in the presence of the authorities he made two telephone calls to a person whom he identified as the defendant. The police traced the number called by Braga to the defendant's residence. At approximately 10:00 A.M. that day, Braga arranged to meet the individual whom he had called at 18 Church Street in Hudson at 1:00 P.M. This was the address for Santiago Concrete Floors, Inc., a business owned and operated by the defendant.

After searching Braga for drugs and money and finding none, the police gave Braga $2,600 in marked currency and drove him to 18 Church Street for his 1:00 P.M. rendezvous. About 1:00 P.M. the defendant arrived in a pickup truck. Another police officer had observed the same truck leaving the defendant's residence just before 1:00 P.M. The defendant left the truck, spoke to Braga for a few minutes, and then the two men entered the rear door of the building at 18 Church Street. The police did not observe the defendant carry anything into the building. A few minutes later, Braga exited the building and gave a prearranged signal that he had com-

pleted the buy. Without stopping to check whether Braga actually had cocaine on his person (a subsequent search revealed 55.63 grams of cocaine), the police immediately entered the building and placed the defendant under arrest. From a work bench next to where the defendant was standing when the police entered, the police seized two crumpled fifty-dollar bills which were subsequently identified as part of the $2,600 buy money. At the time of the defendant's arrest, the police had neither an arrest warrant nor a search warrant in their possession.

The defendant's argument that the police lacked probable cause to arrest is based on the premise that Jose Braga must be treated as a confidential informant and that the underlying circumstances known to the police failed to satisfy the credibility or reliability and basis of knowledge tests for confidential informants. *Commonwealth* v. *Upton*, 394 Mass. 363, 374-376 (1985). *Commonwealth* v. *Bottari*, 395 Mass. 777, 783 (1985). These tests, however, are relaxed when the informant is a named and identified person, "whether as a participant in, victim of, or eyewitness to a crime." *Commonwealth* v. *Atchue*, 393 Mass. 343, 348 n.4 (1984). *Commonwealth* v. *Harding*, 27 Mass. App. Ct. 430, 434-435 (1989). Here, Braga's admission to participating in drug buys from the defendant after his arrest at a time when he would be fearful of prosecution and retaliation from the police for furnishing false information (*Commonwealth* v. *Melendez*, 407 Mass. 53, 56-58 [1990]; *Commonwealth* v. *Parapar*, 404 Mass. 319, 320, 322 [1989]) and his actual participation in a controlled buy from the defendant (*Commonwealth* v. *Benlien*, 27 Mass. App. Ct. 834, 838-839 [1989]), independent police observations of Braga's calls to the defendant's home, and the meeting between Braga and the defendant at the arranged buy time were sufficient to satisfy the requirements of reliability and basis of knowledge and to establish probable cause for the arrest. Compare *Commonwealth* v. *Minh Ngo*, 14 Mass. App. Ct. 339, 339-341 (1982) (defendant conceded probable cause on facts similar to those presented here). Probable cause does not require a showing that the police

had resolved all their doubts. All that was required was that " 'the facts and circumstances within . . . [the officers'] knowledge and of which they had reasonably trustworthy information [were] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense [had] been or [was] being committed." *Commonwealth* v. *Hason*, 387 Mass. 169, 174 (1982), quoting from *Brinegar* v. *United States*, 338 U.S. 160, 175-176 (1949).

The defendant also challenged the entry of the police into the building and their search of the area within his immediate control without an arrest warrant or search warrant on the ground the police lacked exigent circumstances. The judge found the 1:00 P.M. buy was arranged at 10:00 A.M. on the same day but made no factual findings regarding exigent circumstances. This omission is not fatal where the ultimate conclusion is clearly evident from the record and implicit in the denial of the motion. See *Commonwealth* v. *Lanoue*, 392 Mass. 583, 586 n.2 (1984). "To qualify as exigent circumstances, the situation facing the officers at the time they commenced their warrantless search must be such that it was impracticable for them to get a warrant." *Commonwealth* v. *Cast*, 407 Mass. 891, 904 (1990). Probable cause to arrest did not occur here until the informant emerged from the building and gave the prearranged signal that the buy had been completed. See *Commonwealth* v. *Cast*, *supra* at 904-905; *Commonwealth* v. *Amaral*, 16 Mass. App. Ct. 230, 233-235 (1983). At that time, there existed a real "likelihood that the delay attendant upon securing a warrant would facilitate the destruction of evidence." *Commonwealth* v. *DiSanto*, 8 Mass. App. Ct. 694, 700 (1979). See also *Commonwealth* v. *Skea*, 18 Mass. App. Ct. 685, 691-692 (1984). Compare *Commonwealth* v. *Hamilton*, 24 Mass. App. Ct. 290, 293-294 (1987). We conclude that the circumstances were exigent.

b. *Search with a warrant.* The defendant, however, is on solid ground with his challenge to the search of his home,

made with a search warrant[1] immediately after his arrest. The affidavit in support of the application for a warrant did not show probable cause for the search.

The affidavit contained the information, summarized above, which led to the defendant's arrest, plus statements of the affiant that the search of Braga following the arrest had produced four plastic bags containing white powder. Those bags, the affidavit recited, field tested positive for cocaine, and the buy money, with the exception of the two fifty-dollar bills seized at the time of the defendant's arrest, had not been recovered. The standard for probable cause is "whether [the magistrate] has a substantial basis for concluding that any of the articles described in the warrant are probably in the place to be searched . . . . Strong reason to suspect is not adequate." *Commonwealth* v. *Upton*, 394 Mass. 363, 370 (1985). *Commonwealth* v. *Jean-Charles*, 398 Mass. 752, 757 (1986). The establishment of probable cause to believe that "a person is guilty of a crime does not necessarily constitute probable cause to search the person's residence." *Commonwealth* v. *Cinelli*, 389 Mass. 197, 213 (1983). The connection between the items to be seized and the place to be searched does not have to be based on direct observations; it may be found by looking at the type of crime, nature of the items, the suspect's opportunity to conceal items, and inferences as to where the items are likely to be hidden. *Ibid. Commonwealth* v. *Wright*, 15 Mass. App. Ct. 245, 250-251 (1983). Here there was no specific information in the affidavit which tied the defendant's residence to illegal drug transactions, other than that he lived at those premises. See *Commonwealth* v. *Kaufman*, 381 Mass. 301, 304 (1980) ("Notably absent is reliable specific information from any quarter placing illegal drugs or drug transactions there in the past . . . "). The drug transaction occurred within the confines of the defendant's business premises and the defendant was not observed to have carried anything into the premises prior to the transaction. There was no probable cause to search the

---

[1] In a closet in the master bedroom of the home, the police found 30.79 grams of cocaine.

defendant's residence. See *Commonwealth* v. *Kaufman,*
*supra* at 304; *Commonwealth* v. *Saleh,* 396 Mass. 406, 411
(1985). The motion to suppress the drugs found in the de-
fendant's home should have been allowed.

2. *Motion for a mistrial.* During the prosecutor's opening
statement, the prosecutor told the jury that in the course of a
narcotics investigation in Hudson, the police had arrested one
Jose Braga for eleven counts of distribution and trafficking in
cocaine. He then stated to the jury:

> "Jose [Braga] . . . agreed to turn over his supplier to the
> Hudson Police Department. He agreed to make a
> purchase of drugs from someone named Orlando
> Olivares."

The defendant made no objection to the prosecution's open-
ing remarks. At the conclusion of the defendant's opening
statement, the court, sua sponte, called a side bar conference
to discuss those comments. The defendant then moved for a
mistrial. The judge ruled he would not declare a mistrial but
would give a limiting instruction, which he did. In his in-
structions to the jury, he told them to disregard the prosecu-
tor's statements, which he said were hearsay and could not
be considered during the course of their deliberations. The
judge also reminded the jurors of his previous instruction
that opening statements were not evidence. During the
course of the trial, the remark was not repeated.

The decision whether to declare a mistrial is a matter
within the judge's discretion. *Commonwealth* v. *Simmonds,*
386 Mass. 234, 241 (1982). *Commonwealth* v. *Amirault,*
404 Mass. 221, 232 (1989). Evidence of a defendant's prior
criminal activity is not generally admissible at trial. *Com-
monwealth* v. *Cunneen,* 389 Mass. 216, 223 (1983). Here,
the judge relied on curative instructions to correct any error
and to remedy any prejudice. See *Commonwealth* v. *Helfant,*
398 Mass. 214, 228-229 (1986). The remark was not re-
peated during the trial; it was apparently inadvertent;[2] the

---

[2]The trial judge so concluded.

substance of the remark was substantiated by proof that the defendant did supply Braga with drugs; and the evidence of the defendant's guilt was otherwise strong. In these circumstances, the judge's instructions were sufficient to avert any prejudice to the defendant. *Commonwealth* v. *Cunneen*, 389 Mass. at 223-224. *Commonwealth* v. *Chrichlow, post* 901, 902-903 (1991). There was no abuse of the judge's broad discretion in refusing to declare a mistrial.

3. *Ineffective assistance of counsel.* The defendant claims that he was deprived of effective assistance of counsel because his counsel failed to address the court on his behalf at the time of sentencing and to present any information in mitigation of his punishment. See *Commonwealth* v. *Lykus*, 406 Mass. 135, 144-146 (1989). He claims prejudice because the court imposed two consecutive sentences rather than concurrent ones of three to five years in State prison on the two charges of trafficking in cocaine.[3] We need not address this argument because our holding today vacates the defendant's conviction on one of these charges.

The conviction of trafficking in cocaine based on the seizure of cocaine at the time of the defendant's warrantless arrest is affirmed. The conviction of trafficking in cocaine based on the seizure of cocaine at the defendant's residence is reversed and the verdict is set aside.

*So ordered.*

---

[3]The defendant received a lighter sentence than mandated by G. L. c. 94C, § 32E(*b*)(2), which on the date of the defendant's offenses, November 19, 1988, provided for a minimum term of imprisonment of five years and a maximum of twenty years.