COMMONWEALTH *vs.* ALBERTO COLOMNA. No. 90-P-736. August 11, 1992. *Practice, Criminal*, Assistance of counsel.

The defendant appeals from a conviction of trafficking in cocaine. After the appeal was entered in this court, the defendant, represented by new counsel, filed a motion in the trial court for a new trial. This was denied, and no appeal was taken from the denial. The record before us does not disclose the basis of the motion for a new trial or the reason for the denial. The appeal from the conviction is based on a claim of ineffective assistance of trial counsel. 1. The defendant faults his trial counsel for a failure to call character witnesses in support of the defendant's claim of entrapment

---

who would testify that the defendant was a hard-working, church-going, honest individual who paid his bills on time and was not known to be involved in any criminal activity. Although the defendant's brief asserts that there were such witnesses available to be called, nothing in the record before us substantiates that assertion or shows that the defendant informed trial counsel of the existence of any such witnesses. Without such a showing on the trial record, a claim of ineffective assistance can only be substantiated by an evidentiary showing extrinsic to the trial record, normally in the form of affidavits or testimony in support of a motion for a new trial. See *Earl* v. *Commonwealth*, 356 Mass. 181, 183 (1969); *Lamoureux* v. *Commonwealth*, 362 Mass. 880 (1972); *Commonwealth* v. *Porter*, 9 Mass. App. Ct. 908 (1980); *Commonwealth* v. *Bookman*, 10 Mass. App. Ct. 891, 892 (1980). 2. It is clear from the transcript that the jury were informed of the informant's 1983 conviction of selling cocaine and that the defendant's counsel skillfully developed the rewards the informant received for his undercover activities into a plausible showing of an incentive to entrap. 3. A decision whether to move to strike a fleeting remark made by a police witness on cross-examination (concerning how informers are always in danger from "people like [the defendant] and his associates") was tactical in nature. The remark was part of a longer, generally responsive answer, from which it would have had to be disentangled by repeating it, and counsel might well have reasoned that the motion to strike would only serve to emphasize the remark and reinforce the damage. Compare *Commonwealth* v. *Pandolphino*, *ante* 96, 101-102 (1992). 4. Although the defendant's brief lists as an issue the Commonwealth's failure to sustain its burden of proof with respect to entrapment, *Commonwealth* v. *Koulouris*, 406 Mass. 281, 284 (1989), the point is not argued. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). Compare *Commonwealth* v. *Appleby*, 389 Mass. 359, 380 (1983). It would be unavailing in any event; the evidence was plainly sufficient to submit the issue to the jury.

*Judgment affirmed.*

*Charles H. Robson* for the defendant.
*Pamela L. Hunt*, Assistant Attorney General, for the Commonwealth.