COMMONWEALTH *vs.* JOSE OSPINA LOPEZ.

No. 94-P-309.

Suffolk. June 6, 1995. - July 14, 1995.

Present: ARMSTRONG, KASS, & GREENBERG, JJ.

*Search and Seizure*, Probable cause, Exigent circumstances. *Probable Cause. Constitutional Law*, Search and seizure, Probable cause. *Practice, Criminal*, Assistance of counsel, Instructions to jury, Reasonable doubt, Verdict.

Exigent circumstances supported police officers' warrantless entry into the defendant's apartment for the purpose of arresting the defendant immediately following a controlled buy of cocaine from the defendant. [748-750]

There was no merit to a criminal defendant's contentions that his trial counsel was ineffective or that the judge's instructions on reasonable doubt and jury unanimity were erroneous. [750-751]

INDICTMENT found and returned in the Superior Court Department on May 24, 1989.

A pretrial motion to suppress evidence was heard by *Charles M. Grabau*, J., and the case was tried before *Richard G. Stearns*, J.

*Lisa J. Stephani* for the defendant.

*Jane L. McDonough*, Assistant District Attorney, for the Commonwealth.

ARMSTRONG, J. At issue is whether exigent circumstances excused police officers' failure to obtain an arrest or search warrant prior to entering the defendant's apartment to arrest him.

The entry immediately followed a controlled buy of cocaine. Undercover officer Alejandro made the purchase, having been led to the defendant's apartment and introduced to him by an informant called "Juney." After the buy, Alejandro on leaving gave a prearranged signal to the several of-

ficers posted outside that the buy had been accomplished, and those officers converged on the apartment, entered, and arrested the defendant who was then in the process of trying to dispose of the marked bills ($2,700) that Alejandro had given him. Beyond arresting the defendant and recovering the marked bills and the wallet they had been in, the police made no further search or seizure.[1]

The judge ruled correctly that the circumstances were exigent. "Juney" was not shown to be an informant of established reliability. The police lacked probable cause to obtain a warrant until the controlled buy was accomplished. Compare *Commonwealth* v. *Olivares*, 30 Mass. App. Ct. 596, 599 (1991); *Commonwealth* v. *Lee*, 32 Mass. App. Ct. 85, 88 (1992); *Commonwealth* v. *Collazo*, 34 Mass. App. Ct. 79, 83 (1993). Contrast *Commonwealth* v. *Forde*, 367 Mass. 798, 801-803 (1975) (police had probable cause to obtain a warrant at least a week prior to entry, and the exigency claimed to justify entry without a warrant had existed for three hours prior thereto); *Commonwealth* v. *Wigfall*, 32 Mass. App. Ct. 582, 586-587 (1992) (police had probable cause to search defendant's apartment three hours prior to initiation of controlled buy). Police in controlled-buy situations are not required to obtain anticipatory warrants. *Commonwealth* v. *Cast*, 407 Mass. 891, 906 (1990).

The typical factors supporting a finding of exigency in cases when probable cause arises only upon a successful controlled buy are present in this case: the apartment remained occupied by the defendant and others,[2] any one of whom would have to be stopped and searched if he or she left the premises, unless the police were to risk the loss of evidence;

---

[1]As Alejandro and "Juney" left the premises and walked down the street, one of the officers staking out the premises emerged from his concealed location. The defendant, who was watching the departure from his front window, observed the officer and his uniform and immediately ran back into the apartment. At that point, unquestionably, circumstances were exigent, because the defendant was alerted; but as the police were intending to raid the apartment immediately in any case, the defendant's premature detection of the raid is not crucial to our analysis.

[2]Contrast *Commonwealth* v. *Hall*, 366 Mass. 790, 802 (1975), where the police knew there was no one in the apartment.

additional visitors could appear at any time; the defendant would have time to secrete the marked bills without leaving the apartment; and a surveillance close enough to avoid the risk of the marked bills being moved from one apartment to another within the building would invite detection, giving the defendant time to destroy evidence.

Viewed another way: when Officer Alejandro made the controlled buy, he had witnessed the commission of a felony and could have effected the arrest on the spot within the apartment and, presumably, summoned reinforcements from the officers waiting outside. If, instead, to protect his or the informant's identity, or for reasons of police safety, the police should deem it more prudent to have the buying officer leave and then immediately enter in force, there has been no significant additional intrusion on the defendant's expectations of privacy, and a court should not second guess the judgment of the officers in the field. On either analysis, the motion to suppress was correctly denied.

The other points argued are without merit. The defendant's counsel is not shown on this record to have been ineffective in not pressing (and, indeed, withdrawing) his motion for disclosure of "Juney's" full name and whereabouts. This was obviously a tactical decision; we have no way of knowing the reasons for it. Typically this is the type of information that must be developed on a motion for a new trial. *Earl* v. *Commonwealth*, 356 Mass. 181, 183-184 (1969); *Commonwealth* v. *Colomna*, 33 Mass. App. Ct. 914, 915 (1992), although, equally typically, conscious tactical decisions by trial counsel, unless shown to be manifestly unreasonable, will not be ground for a new trial. *Commonwealth* v. *Adams*, 374 Mass. 722, 728 (1978). *Commonwealth* v. *White*, 409 Mass. 266, 272-273 (1991). The judge's instructions on reasonable doubt tracked the *Webster* charge without significant deviation (*Commonwealth* v. *Webster*, 5 Cush. 295, 320 [1850]); similarly, the judge's instruction on unanimity of the jury verdict was the standard charge. What the defendant is asking, as he recognizes, is that we overrule *Commonwealth* v. *Dinkins*, 415 Mass. 715, 723-724 (1993), and *Thames* v. *Common-*

*wealth*, 365 Mass. 477, 479 (1974). This, for the reasons stated in *Burke* v. *Toothaker*, 1 Mass. App. Ct. 234, 239 (1973), we may not do.

*Judgment affirmed.*