COMMONWEALTH vs. MARIA MUSE.

No. 97-P-0499.

Plymouth. February 6, 1998. - November 25, 1998.

Present: GREENBERG, LENK, & BECK, JJ.

*Probable Cause. Search and Seizure,* Probable cause, Affidavit. *Constitutional Law,* Search and seizure, Probable cause. *Evidence,* Declaration against interest.

An affidavit in support of an application for a search warrant demonstrated the veracity of the named informant, where the unpaid informant had made specific and detailed statements in response to police questioning that were against his penal interest; the magistrate had a reasonable basis to believe that the items sought were probably at the premises named. [814-817]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on January 24, 1995.

A pretrial motion to suppress evidence was heard by *Paul F. X. Moriarty,* J.

An application for interlocutory appeal was allowed by *Fried,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him to the Appeals Court.

*Jeffrey S. Beckerman,* Assistant District Attorney, for the Commonwealth.

*Frank H. Spillane* for the defendant.

BECK, J. Based on evidence seized pursuant to a search warrant, the defendant was charged in a four-count complaint with possession of cocaine with intent to distribute in violation of G. L. c. 94C, § 32A(*c*), and possession of heroin in violation of G. L. c. 94C, § 34, as well as two other counts of possession of cocaine with intent to distribute as a subsequent offense, G. L. c. 94C, § 32A(*d*), and of a controlled substance violation in a school zone, G. L. c. 94C, § 32J. Concluding that the informant named in the affidavit supporting the search warrant had not

made a statement against his penal interest, a District Court judge ruled that the affidavit failed the veracity prong of the *Aguilar-Spinelli* test (*Aguilar* v. *Texas*, 378 U.S. 108 [1964]. *Spinelli* v. *United States*, 393 U.S. 410 [1969]) and granted the defendant's motion to suppress the evidence. The Commonwealth appeals pursuant to Mass.R.Crim.P. 15(b)(2), 378 Mass. 884 (1979).[1] We reverse.

*The facts.* The information in the affidavit was as follows. On January 22, 1995, the informant, Charles Willett, visited his grandmother. In the course of his visit, he went in and out of the bathroom several times. After he left, Willett's grandmother discovered her jewelry box in the bathtub. All of her jewelry was gone. Brockton police officer Joseph Cummings responded to her call to the police. The next day, Cummings arrested Willett, and charged him with larceny over $500. An inventory search of Willett produced three pieces of jewelry. Following a second recitation of his *Miranda* rights (*Miranda* v. *Arizona*, 384 U.S. 436 [1966]), Willett admitted that he had stolen his grandmother's jewelry to buy cocaine. Cummings asked Willett where he had purchased the cocaine. Willett responded with an address, a description of the building, and the first names of the two men who he claimed had sold him the drugs, along with their approximate heights and weights, the approximate age and hair color and hair style of one of them, and the first name of a woman who was also in the apartment. After the grandmother identified the jewelry discovered during the search of Willett, Cummings set out these facts in an affidavit and obtained a search warrant for the premises Willett had described. Cummings executed the search warrant later that same day.

*Discussion.* The test of probable cause in the Commonwealth under art. 14 of the Massachusetts Declaration of Rights continues to rest on the principles developed under *Aguilar* v. *Texas, supra,* and *Spinelli* v. *United States, supra. Commonwealth* v. *Upton,* 394 Mass. 363, 374 (1985). This standard, in the case of an unknown informant, consists of the basis of knowledge test and the veracity test. *Id.* at 375. The standards for determining an informant's veracity are "relaxed when the informant is a named and identified person, 'whether as a participant in, victim of, or eyewitness to a crime.' " *Com-*

---

[1]The rule has since been amended, effective March 1, 1996, as appearing in 422 Mass. 1501 (1996). The relevant rule is now Mass.R.Crim.P. 15(a)(2). See *Commonwealth* v. *Davis,* 41 Mass. App. Ct. 793, 797 n.2 (1996).

monwealth v. Olivares, 30 Mass. App. Ct. 596, 598 (1991), quoting from Commonwealth v. Atchue, 393 Mass. 343, 348 n.4 (1984).

There is no dispute that the basis of knowledge in this case was satisfied. Willett's detailed information came from personal observation. Commonwealth v. Alvarez, 422 Mass. 198, 205 (1996). It is the veracity prong — "the underlying circumstances from which [Cummings] concluded that [Willett] was 'credible' or his information 'reliable,' " Commonwealth v. Upton, 394 Mass. at 375 — which is at issue here. The District Court judge considered two factors in evaluating the informant's veracity: the fact that he was identified and the Commonwealth's argument that he had made a statement against penal interest.

"[A]n informant's declaration against his or her penal interest is a factor that a magistrate may properly consider in determining probable cause." Commonwealth v. Parapar, 404 Mass. 319, 322 (1989). Commonwealth v. Alvarez, 422 Mass. at 204. Here, the judge apparently directed his attention to Willett's statement that he had exchanged his grandmother's jewelry for cocaine. As to a narcotics offense, the judge determined that Willett would have had no reasonable fear of prosecution, since the only evidence he provided was an uncorroborated confession. Commonwealth v. Melendez, 407 Mass. 53, 57 (1990). Even if the police had found additional pieces of the grandmother's jewelry at the apartment where Willett said he obtained the cocaine, the "likelihood of prosecution [for a narcotics offense] was rather remote." Ibid. The statement about what he did with his grandmother's jewelry, however, was against his penal interest in the larceny case.

Although in most affidavits regarding narcotics distribution, statements against penal interest concern the criminal enterprise that is the subject of the warrant, see, e.g., Commonwealth v. Parapar, 404 Mass. at 320, 322-323 (dealer obtained cocaine at apartment); Commonwealth v. Alvarez, 422 Mass. at 200 (same), such a connection is not always necessary. There is no requirement that the statement against penal interest be "directly related to the offenses charged within the scope of the affidavit." Commonwealth v. Fleurant, 2 Mass. App. Ct. 250, 253 (1974). "In order for a statement to be considered . . . to be a statement against penal interest, there must be information in the affidavit which tends to show that the informant would have had a reasonable fear of prosecution at the time that he made the

statement." *Commonwealth* ·v. *Melendez*, 407 Mass. at 56. "Statements may be more credible if there is a threat of police retaliation for giving false information." *Id.* at 57. In this case, Willett would have had reason to think that his confession, and perhaps finding the rest of the jewelry at the address, would have cemented the larceny case against him. See *Commonwealth* v. *Vynorius*, 369 Mass. 17, 19 n.4 (1975) (unnamed informant caught with pockets stuffed with marijuana). Moreover, if his information about the defendant's drug operation had proved false, he might have lost a basis for a possible plea agreement in the larceny case. Compare *Commonwealth* v. *Alvarez*, 422 Mass. at 204 (information from named informant whose statements could have led to prosecution on drug charges which were the subject of the affidavit sufficient to establish veracity prong).

Other factors supporting a finding of reliability in this case are the "specificity of the information [Willett] supplied" about the location and people involved in the drug transaction, Cummings's ability to question Willett, and the fact that Willett was not a paid informant. *Commonwealth* v. *Fleurant*, 2 Mass. App. Ct. at 253. *Commonwealth* v. *Atchue*, 393 Mass. at 347. What is missing is police corroboration confirming details of the information Willett provided. Compare *Commonwealth* v. *Parapar*, 404 Mass. at 320-321, 323 (telephone records and surveillance); *Commonwealth* v. *Carasco*, 405 Mass. 316, 318, 321-322 (1989) (surveillance of activity at address informant gave); *Commonwealth* v. *Olivares*, 30 Mass. App. Ct. at 598 (independent police observation of informant's calls to defendant's home and meeting between informant and defendant); *Commonwealth* v. *Munera*, 31 Mass. App. Ct. 380, 382-383 (1991) (surveillance).

In reviewing an affidavit under the *Aguilar-Spinelli* standard, "our attitude . . . should not be a grudging or negative one and . . . we should give great deference to the magistrate's determination of probable cause." *Commonwealth* v. *Upton*, 394 Mass. at 377. "[T]he resolution of doubtful or marginal cases . . . should be largely determined by the preference to be accorded to warrants." *Commonwealth* v. *Atchue*, 393 Mass. at 346, quoting from *United States* v. *Ventresca*, 380 U.S. 102, 108-109 (1965). Where, as here, the standard of reliability is relaxed because the informant is a named participant, *Commonwealth* v. *Atchue*, 393 Mass. at 348 n.4, the magistrate had

a reasonable basis to believe that the objects of the search were probably at the premises to be searched at the time the warrant was issued. *Commonwealth* v. *Vynorius*, 369 Mass. at 23.

Accordingly, we reverse the order allowing the defendant's motion to suppress. The case is remanded for further proceedings consistent with this opinion.

*So ordered.*